UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO._____

DONALD WIGGINS,

       Plaintiff,

vs.

NEIGHBORHOOD RESTAURANT
PARTNERS FLORIDA, LLC,
a Florida corporation,

       Defendant.
_____/

## **COMPLAINT**

Plaintiff, DONALD WIGGINS, by and through undersigned counsel, sues the Defendants, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, (hereinafter, "Defendant") and alleges as follows:

1. Plaintiff, a former employee of the Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

8. Defendant has been at all times material engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

9. Plaintiff began working for the Defendant's Panama City location on January 1, 2016.

10. During that time there, Plaintiff would regularly be required to work off the clock based upon his manager's instructions and conduct.

11. Specifically, Helen Hilstano would require Plaintiff to work every Sunday for four hours from February 14, 2016 to July 16, 2016 that were unpaid hours. Plaintiff did not receive even basic minimum wage for these hours, and also would not receive overtime for the weeks where these hours would place his total over 40 hours per week.

12. When Plaintiff would ask Helen to be paid, he would be threatened and told that this was for training purposes.

13. Initially, it was to conduct weekly inventory, but many times it was simply to cut meat, which Plaintiff was certified in, and thus clearly proving this was not for training purposes.

14. However even if it was for training, Plaintiff still would be entitled to wages for this time as it would have been overtime pay.

15. When Plaintiff asked to be paid for this time, his hours were ultimately cut in the form of a demotion.

16. From that point forward, Plaintiff would be asked to come in on his scheduled days off and cut meat, but would not be clocked in for this.

17. He would also be informed by Helen that he should leave early on a certain date, however Plaintiff would learn that he would have been completely removed from the schedule on that day and would not paid for any of these hours.

18. On other shifts, Plaintiff would have to work beyond his scheduled shift time, yet Helen would have already clocked him out and expect him to stay and work unpaid.

19. There were even other unpaid times as well where Plaintiff had to drive himself and another employee to Tallahassee for a management test, where Plaintiff did not receive any pay for this time.

20. As motive for the off-the-clock hours, Helen stated she receives bonuses based upon keeping the payroll cost down, which absolutely incentivized her to commit the conduct that Plaintiff alleged.

21. This also would be a willful violation under the FLSA.

22. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

23. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff. Additionally, this off-the-clock policy was occurring to other employees as well, and Plaintiff intends on proceeding forward on behalf of all such employees should more employees (both former and current) come forth.

## COUNT I
## FLSA – MINIMUM WAGES AND OVERTIME

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 above.

24. Plaintiff is entitled to minimum wages, and time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

25. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–RETALIATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint.

26. Plaintiff raised complaints to the Defendant about receiving pay for all hours worked.

27. That, as a result of the Plaintiff's complaint, the Defendant intentionally, willfully and unlawfully retaliated against Plaintiff, in violation of the FLSA, by reducing his hours.

28. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's complaints.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: May 9, 2017.	Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701